# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
### 2:12 cr 31

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| STEVEN WALLACE. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the undersigned pursuant to a Motion to Dismiss (#11) filed by counsel for Defendant. It appears from an examination of the motion that Defendant has failed to comply with LCrR 47.1. This Local Rule provides as follows:

> **LCrR 47.1 MOTIONS PRACTICE IN CRIMINAL CASES.**
>
> **(A) Motions in Writing.** Unless made during a hearing or trial, all motions must be made in writing, filed as provided by LCrR 5.2, and shall state with particularity the grounds of the motion and shall set forth the relief or Order sought. Unless otherwise ordered by the Court, motions will ordinarily be ruled upon without oral argument.
>
> **(B) Certificate of Conference With Filing.** Pretrial motions, other than motions to suppress, *ex parte* motions, and notices (notice of substitution of counsel, notice of appearance, notice of intent to present certain types of evidence, etc.) shall include a certification that the moving party has conferred with opposing counsel and state opposing counsel's position on the relief sought, or an explanation as to why conferring should not be required under the circumstances. If a hearing on a motion is requested, counsel should estimate the length

of such hearing.

**(C) Requirement of Briefs.** Briefs shall be filed contemporaneously with any potentially dispositive pretrial or post-trial motion submitted in a criminal action. No brief is required in support of timely motions for extension of time, continuances, admissions *pro hac vice*, etc.

Initially it appears that Defendant has filed a motion that is not supported with a brief. It appears Defendant has tried to join the two together in one document. LCrR 47.1 provides that a motion shall first be made in writing and then contemporaneously with the motion a brief shall be filed.

Secondly, the document filed by Defendant does not include a certification that Defendant's counsel has conferred with opposing counsel. The document does not state opposing counsel's position on the relief sought, nor does it provide an explanation as to why conferring should not be required under the circumstances. Additionally, the motion does not state whether or not a hearing is requested or the length of any requested hearing.

As a result of Defendant's failure to comply with LCrR 47.1, the motion of Defendant shall be denied without prejudice. Defendant will be allowed, should Defendant chose to do so, to file another Motion to Dismiss, along with a supporting brief, all of which shall comply with LCrR 47.1

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the Motion to Dismiss (#11) is **DENIED** without prejudice.

Signed: March 27, 2013

Dennis L. Howell
United States Magistrate Judge